UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STEPHEN VANACORE,

                Plaintiff,

  -against-                       MEMORANDUM & ORDER
                                    14-CV-6103(JS)(GRB)
EXPEDITE VIDEO CONFERENCING
SERVICES, INC. and LARRY ROHER,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Jason L. Abelove, Esq.
                    Law Offices of Jason Abelove
                    666 Old country Road, Suite 304
                    Garden City, NY 11530

                    Jonathan Matthew Borg, Esq.
                    Bedell & Forman LLP
                    44 Wall Street, 12th floor
                    New York, NY 10005

For Defendants:     Paul R. Williams, Esq.
                    Schupbach, Williams & Pavone, LLP
                    1010 Franklin Avenue
                    Garden City, NY 11530

SEYBERT, District Judge:

        Plaintiff Stephen Vanacore ("Plaintiff") commenced this action on October 17, 2014 against Defendants Expedite Video Conferencing Services, Inc. and Larry Roher (collectively "Defendants"), alleging causes of action for breach of contract, unjust enrichment, and violations of New York Labor law. (See Compl. ¶¶ 26-42.) Defendants also assert two counterclaims against Plaintiff for breach of the duty of loyalty and for the recovery of unpaid commissions. (See Am. Answer, Docket Entry 26, at 5-

11.) Pending before the Court is Plaintiff's motion to dismiss Defendants' counterclaims (Docket Entry 30), Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R") recommending that Plaintiff's motion be granted (Docket Entry 37), and Defendants' Objections to Judge Brown's R&R. (Docket Entry 38.) For the following reasons, the Court OVERRULES Defendants' Objections and ADOPTS Judge Brown's R&R in its entirety.

BACKGROUND

The Court assumes familiarly with the facts of this case, which are discussed within Judge Brown's R&R. Briefly, Plaintiff worked for Defendants from 2007 to 2014 as a full-time sales representative and was paid a salary, commission, and reimbursed for his expenses. (R&R at 2.) Conversely, Plaintiff claims that Defendant failed to pay him at least $116,579.49 in compensation during his employment. (Compl. ¶ 24.) Defendants allege in their Answer that they actually paid Plaintiff too much compensation and are entitled to be reimbursed. (Am. Answer ¶¶ 32-35.) In addition, Defendants allege that Plaintiff breached his duty of loyalty and good faith to Plaintiff by "performing significant 'information technology' services for hire on behalf of an entity named Champion Lumber Corporation." (Am. Answer. ¶ 46.)

Plaintiff filed a motion to dismiss Defendants' two counterclaims on August 11, 2015. (Docket Entry 30.) On August 25, 2015, the undersigned referred Plaintiff's motion to

Judge Brown for an R&R on whether the motion should be granted. (Docket Entry 35.)

Judge Brown issued his R&R on December 10, 2015, recommending that Plaintiff's motion be granted and that Defendants' two counterclaims be dismissed. (R&R at 8.) Although Defendants did not file any substantive opposition to Plaintiff's motion to dismiss, Defendants nevertheless object to Judge Brown's R&R on the ground that Judge Brown misinterpreted the cases Plaintiff relied upon in its motion. (Objections at 6-12.)

## DISCUSSION

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they

3

object.  See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

I.  Breach of the Duty of Loyalty and Good Faith

In his R&R, Judge Brown recommended dismissing Defendants' cause of action for breach of the duty of loyalty and good faith.  He concluded that even if Plaintiff spent time working for other clients that he should have devoted to Defendants' business, no cause of action existed for breach of the duty of loyalty and good faith absent the allegation that Plaintiff

actually competed with Defendants' business. (R&R at 8.) The Court agrees with Judge Brown's conclusion. See Cerciello v. Admiral Ins. Brokerage Corp., 90 A.D.3d 967, 968, 936 N.Y.S.2d 224, 226 (2d Dep't 2011) ("[T]he mere failure of an employee to perform assigned tasks does not give rise to a cause of action alleging breach of that duty.") Allowing an employer to sue an employee for breach of fiduciary duty merely because the employee was not devoting enough time to his job is contrary to the current state of the law and would create unnecessary line-drawing problems. Employers already have an adequate remedy for this kind of conduct--they can fire the employee.

II. The Recovery of Overpaid Compensation

Judge Brown determined in his R&R that under New York law, an employer cannot claw back commissions it paid to an employee absent the existence of a "special agreement" authorizing the claw back. (See R&R at 5.) Since Defendant did not allege the existence of such an agreement, Judge Brown recommended dismissing Defendants' overpayment claim. (R&R at 6.) Defendants' primary objection regarding their overpayment claim is bound up with their contention that Plaintiff breached his fiduciary duty to Defendants, a cause of action that the Court dismissed. (Objections at 11-12.) Defendants also argue, for the first time, that their counterclaim seeking the recovery of overpaid commissions sounds in fraud. (Objections at 12.) Since Defendants

5

raise this point for the first time in their Objections, however, the Court need not address it. See Kennedy, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) ("arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance" (internal quotation marks and citation omitted)). Plaintiff's objections regarding Defendants' overpaid claim are therefore OVERRULED.

## CONCLUSION

For the foregoing reasons, Defendants' Objections are OVERRULED, Judge Brown's R&R (Docket Entry 37) is ADOPTED in its entirety, and Defendants' counterclaims are DISMISSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  March  23 , 2016
        Central Islip, New York