UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEPHEN VANACORE,

                           Plaintiff,

                                                               **MEMORANDUM & ORDER**

            -against-                                        14-cv-6103 (GRB)

EXPEDITE VIDEO CONFERENCING
SERVICES, INC. and LAWRENCE ROHER,

                           Defendants.

----------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

      Before the Court are two post-trial motions. First, Plaintiff moves for a grant of attorneys' fees to the prevailing party pursuant to New York Labor Law § 198. Defendants raise two arguments in opposition to Plaintiff's submission: (1) that Plaintiff's counsel has failed to file an application that conforms to the requirements of *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182 (2d Cir. 2008) and (2) the sums requested should be reduced due to duplicative billing.

      Second, Plaintiff moves, without opposition, for Defendants to post a bond pending appeal. *See* DE 75–77.

      For the reasons that follow, both motions are granted in part.

## **MOTION FOR ATTORNEYS' FEES AND COSTS**

### I.    **Relevant Standard**

      "Both the Second Circuit and the Supreme Court have held that the lodestar—the product of the reasonable hourly rate and the reasonable number of hours required—creates a

"presumptively reasonable fee." *L.I. Head Start Child Dev. Serv., Inc. v. Econ. Opportunity Com'n of Nassau Cnty., Inc.*, 865 F. Supp. 2d 284, 291 (E.D.N.Y. 2012). "[W]hile the lodestar is not always conclusive, absent extraordinary circumstances, it must be calculated as a starting point." *Id.* The Second Circuit has also required that the district court consider the factors laid out in *Johnson v. Georgia Highway Express, Inc*. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 186-87, n. 3 (2d Cir. 2008) ("*Arbor Hill*"). In doing so the district court must "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorneys' fees in setting a reasonable hourly rate." *Id.* at 190 (emphasis in original).[1] In analyzing the case-specific variables, the Court need not robotically "recite and make separate findings as to all twelve of the *Johnson* factors." *L.I. Head Start Child Dev. Serv. Inc.*, 865 F. Supp. 2d at 291. "[T]he most critical factor in a district court's determination of what constitutes a reasonable attorneys' fee in a given case is the degree of success obtained by the plaintiff." *Konitz v. Karahalis*, 409 F. App'x 418, 421 (2d Cir. 2011).

"Pursuant to the 'forum rule,' the Second Circuit has instructed that courts should use the 'prevailing hourly rate in the community' in determining the reasonable hourly rate. For the purposes of calculating the reasonable hourly rate under the forum rule, the relevant 'community' is 'the district where the district court sits.'" *L.I. Head Start Child Dev. Serv. Inc.*,

---

[1] "The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186, n.3.

865 F. Supp. 2d at 291–92 (*citing Arbor Hill*, 522, F.3d at 190.). Here, the relevant "community" is the Eastern District of New York. For hourly rates in the Eastern District of New York, the Second Circuit has recognized that hourly rates for partners in similar cases generally range between $300 and $400 per hour. *See Konits v. Karahalis*, 409 F. App'x 418, 422–23 (2d Cir. 2011) (collecting cases); *see also Remache v. Mac Hudson Grp.*, 14 CV 3118 (AMD) (RML), 2018 WL 4593072, at *20 (E.D.N.Y. Sept. 7, 2018) ($375 per hour for a partner with 30 years' experience, and $325 per hour for a partner with 19 years' experience), *report and recommendation adopted by* 14-CV-3118, 2018 WL 4568860 (E.D.N.Y. Sept. 24, 2018; *Offor v. Mercy Med. Ctr.*, 2:15-CV-2219 (ADS) (SIL), 327 F.R.D. 32, 36 (E.D.N.Y. Aug. 29, 2018) ($305 per hour for a partner); *D'Annunzio v. Ayken, Inc.*, No. 11-CV-3303, 2015 WL 5308094 at *4 (E.D.N.Y. Sept. 10, 2015) ($450 per hour for a partner with 33 years' experience). For experienced associates, $250 per hour has been held to be a reasonable rate, and for junior associates $100–$200 per hour has been deemed a reasonable rate. *Chauca v. Park Mgmt. Sys., LLC*, NO. 10-CV-05304 (ENV) (RER), 2016 WL 8117953 at *2 (E.D.N.Y. July 18, 2016).

## II. **Attorneys' Fees**

### A. The Hourly Rate

#### 1. Jason Abelove

Jason Abelove, one of Plaintiff's attorneys, states that his "usual and customary hourly rate is between $400 and $450 per hour." DE 73 at ¶ 9. He has practiced for 25 years in the areas of employment discrimination, and wage and hour litigation. *Id.*[2] For this case, he reviewed

---

[2] Defendants argue that wage and hour litigation usually has lower billable rates than other actions, but the cases to which they cite stand only for the unsurprising proposition that wage and hour billable rates are lower than those of corporate work performed by large law firms in New York City. *See Cho v. Koam Med. Servs., P.C.*, 524 F. Supp. 2d, 202, 207 (E.D.N.Y. 2007);

3

Phase I discovery, prepared for and attended a settlement conference, conducted all Phase II discovery, including depositions, and handled the trial. *Id.* at ¶ 8.

The case presented no novel or particularly difficult questions. Furthermore, Abelove was not precluded from taking additional cases, or constrained by the time requirements of this case. He billed a total of 188.1 hours over 38 months, which averages to 4.95 hours per month. *See* DE 73-2 at 7. Considering that, and given his extensive experience, a reasonable hourly rate for Abelove is $350 per hour.

### 2. Golenbock Eiseman Assor Bell & Peskoe LLP

Abelove also submits a request for attorneys' fees for Plaintiff's previous counsel, who withdrew from the case in July 2015. *See* Electronic Order dated July 17, 2015 (granting motion to substitute attorney). The only information provided for these four attorneys is their titles and rates listed on billing statements.[3] DE 73 at 5. The application provides no additional information, for example, about their respective professional backgrounds and experience. As a result, the Court will use a downward adjustment of the hourly rates sought.[4] *See Div. 1181 Amalgamated Trans. Union-N.Y. Emp. Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. at 624 ("Where, as here, counsel has provided the Court with a 'bare-bones' fee application, the Court is left with little choice but to engage in a downward adjustment of the hourly rates sought."); *Yea Kim v. 167 Nail Plaza, Inc.*, No. 05 CV 8560 (GDB) (GWG), 2009 WL 77876 at *9

---

*Morris v. Eversley*, 343 F. Supp. 2d 234, 247 (S.D.N.Y. 2004). As a result, this argument is without merit.

[3] Plaintiff does not seek an award of attorneys' fees for attorney David Shamshovich, who worked on this case. *See e.g.*, DE 73-1 at 1.

[4] While not one of the *Johnson* factors, the Court also notes that Plaintiff chose to retain new counsel, which may indicate that Plaintiff was dissatisfied either with prior counsels' billable rates or their performance. Either result would could suggest that the requested rates are not reasonable rates that a paying client would pay.

(S.D.N.Y. Jan. 12, 2009) (awarding a lower hourly rate to attorneys who failed to provide any information regarding experience, reputation, or ability).

For attorney Hyman, who Abelove states is a "senior partner," Plaintiff requests $395 per hour. DE 73 at ¶ 5. However, there is not sufficient information to support such a high hourly rate, and thus the Court will perform a downward adjustment to the lower end of the range of reasonable hourly rates for partners, which is $300 per hour. *See Konits v. Karahalis*, 409 F. App'x at 422–23; *see also Remache v. Mac Hudson Grp.*, 2018 WL 4593072 at *20. For attorney Coren, who Abelove states is a "junior partner," Plaintiff requests $275 per hour. DE 73 at ¶ 5. Because this rate is below the $300–$400 range that is reasonable for partners, the Court will award that rate. For attorney Reinhart, who Abelove states is "an associate," the Court will award the requested rate of $150 per hour. *Id.*; *see also Chauca v. Park Mgmt. Sys., LLC*, 2016 WL 8117953 at *2 ("$100.00 – $200.00 [is reasonable] for junior associates").

**B. The Number of Hours Billed**

For hours billed, "[i]f a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours." *Melnick v. Press*, No. 06-cv-6686 (JFB) (ARL), 2009 WL 2824586, at *6 (E.D.N.Y. Aug. 28, 2009) (citation omitted). "In calculating the number of 'reasonable hours,' the court looks to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties. *Clark v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (citation and internal quotations omitted).

1. **Jason Abelove**

For Abelove's time, Defendants argue this Court should not award attorneys' fees for time spent being "'brought up to speed' on the file." DE 74 at 4. However, none of the time entries contain the entry which defendants purport to quote, and the early entries in Abelove's time sheet show substantive legal work. DE 73-2 at 1–2. Moreover, Abelove's request has already excluded Jonathan Borg's time because "some of it is duplicative of [Abelove's] time." DE 73 at ¶ 10. Abelove's request for 188.1 hours is reasonable given that he handled dispositive motion practice, settlement conferences, Phase II discovery, trial, and post-trial motions. *See* DE 73 at ¶ 8.

Therefore, the Court awards attorneys' fees for work performed by Abelove in the amount of $65,835. The Court also notes that this award is close to a one-third percentage award which is a common arrangement in the market for plaintiffs' counsel and is often a reasonable rate that a client would pay. *See Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 308 (E.D.N.Y. 2015) ("The Court "must 'cross-check' the percentage fee award against the lodestar to ensure reasonability"); *see also In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, 991 F. Supp. 2d 437 440 (E.D.N.Y. 2014) ("The percentage method also accords with the overwhelming prevalence of contingency fees in the market for plaintiffs' counsel: when potential clients and lawyers bargain freely for representation, most contracts award the lawyer a percentage (commonly, about one third) of the client's recovery.").

2. **Golenbock Eiseman Assor Bell & Peskoe LLP**

A review of the contemporaneous time records kept by prior counsel shows that, for this case, attorney Hyman billed 70.85 hours, attorney Coren billed 108.0 hours, and attorney Reinhart billed 21.7 hours. DE 73-1. Defendants argue that prior counsel's time entries "reveal

numerous entries where multiple attorneys were rendering duplicative and overlapping services on the same date." DE 74 at 4. However, Defendants' argument fails because overlapping time entries show that the attorneys were collaborating, not rendering duplicative work. *See e.g.*, DE 73-1 at 3–5 (showing Hyman drafting the complaint, Shamshovich analyzing local rules and revising complaint, and Reinhart preparing summonses and affidavits of service); *id.* at 21–22 (showing Hyman and Coren drafting and revising a brief in opposition to motion to amend, and Reinhart preparing a declaration in support).

Nevertheless, in reviewing the time entries, the Court has determined that a reduction in the hours billed is appropriate for Reinhart because many of his time entries do not reflect legal work. *See Bhungalia Family, LLC v. Agarwal*, 317 F. Supp. 3d 727, 739 (S.D.N.Y. 2018) (The Court must consider the "time records that 'specify, for each attorney, the date, the hours expended, and *the nature of the work done*.'") (quoting *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014)) (emphasis added); *see e.g.*, DE 73-1 at 9 (printing documents), at 15 (loading files to database), at 19 (loading files to database), at 26 (exporting database files). As a result, the Court will reduce the number of hours for Reinhart by 50%. *See Melnick*, 2009 WL 2824586, at *6.

Also problematic is prior counsel's "courtesy discounts" which changed the amount that Plaintiff paid to prior counsel. *See e.g.*, DE 73-1 at 2, 11, 15, 19, 41. These reductions do not follow a pattern and totaled over $20,000, meaning an award without a reduction would provide a windfall to Plaintiff. As a result, the Court will use an across the board reduction of hours worked by prior counsel of 50%. *See Melnick*, 2009 WL 2824586, at *6 ("[i]f a court finds that the fee applicant's claim is *excessive*, or that time spent was wasteful or duplicative, it may

7

decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours.") (emphasis added).

The Court awards attorneys' fees for work done by prior counsel as follows:

| Name | Hourly Rate | Hours | Reduction | Award |
|---|---|---|---|---|
| Martin Hyman | $300 | 70.85 | 50% | $10,627.50 |
| Jeffrey Coren | $275 | 108.0 | 50% | $14,850.00 |
| David Reinhart | $150 | 10.85[5] | 50% | $813.75 |

Therefore, the Court awards attorneys' fees for work performed by prior counsel in the amount of $26,291.25.

Accordingly, the total award of attorneys' fees is $92,126.25. While this award is significant in relation to the judgment amount, Plaintiff's counsel achieved significant results: Defendants' counterclaims were dismissed (DE 37, 39), and Plaintiff was successful on all his causes of action and showed that Defendants lacked any good faith defenses (Order dated September 28, 2018); *see also Konitz v. Karahalis*, 409 F. App'x at 421 ("[T]he most critical factor in a district court's determination of what constitutes a reasonable attorneys' fee in a given case is the degree of success obtained by the plaintiff.").

### III. Costs

"In general, a party entitled to an award of costs may receive those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Trs. of Empire State Carpenters Annuity v. Rodrigue*, 13-CV-5760 (JS) (SIL), 2018 WL 1867100 at *4

---

[5] After a 50% reduction in hours, as discussed *supra*, attorney Reinhart's 21.7 hours billed comes to 10.85 hours.

(E.D.N.Y. Feb. 7, 2018) (citations and internal quotations omitted), *report and recommendation adopted by* 2018 WL 1087944 (E.D.N.Y. Feb. 23, 2018). "The burden is on the applicant to adequately document and itemize the costs requested." *Id.*

Abelove requests $77.29 in costs for Federal Express costs incurred during this action and provides the dates of the expenses. DE 73-2 at 7. These expenses are both reasonable and necessary, and the Court awards them as costs. *See Rodrigue*, 2018 WL 1867100 at *4 ("costs associated with legal research, postage, subway fare, taxi fare, deposition transcripts, translations and other similar expenses are all within the ambit of costs that are routinely recoverable") (internal quotation and citation omitted).

Abelove also requests $2,841.22 in expenses incurred by prior counsel. DE 73 at ¶ 5. These costs include filing fees, telephone, travel, postage, legal research, litigation support, and secretarial overtime. First, secretarial services "are part of overhead expenses and are not generally charged to clients." *Williams v. N.Y.C. Housing Auth.*, 975 F. Supp. 317, 324 (S.D.N.Y. 1997). As such, those charges, totaling $666.25, shall be excluded. *See* DE 73-1 at 7, 11, 16, 19, 22, 27. Second, litigation support costs should be denied "in the absence of an explanation of the . . . charges or any documentation that they are actually incurred for some expense related to this case." *Bd of Trs. of the UFCW Local 174 Pension Fund v. Jerry WWHS Co., Inc.*, No. 08-cv-2325 (ARR) (JO), 2009 WL 952424 at *8 (E.D.N.Y. Apr. 10, 2009); *see also Trs. of the Local 813 Ins. Trust Fund v. A.A. Danzo Sanitation, Inc.*, 2018 WL 4268907 at *6 (E.D.N.Y. Aug. 8, 2018) (recommending an award of litigation support costs where the costs billed on an hourly rate and detailed in billing statements). Because prior counsel's itemized billing statements only list "Litigation Support" costs of $504.84, with no other breakdown or

explanation, this charge will be excluded.  *See* DE 73-1 at 16.  The remaining costs, totaling $1,670.13 are recoverable and therefore awarded.  *See Rodrigue*, 2018 WL 1867100 at *4.

In sum, the Court awards costs in the amount of $1,747.42.

## MOTION FOR BOND

### I. <u>Award of a Bond</u>

The Federal Rules of Appellate Procedure provide that "[i]n a civil case, "district court may require an appellant to file a bond or other security in such form and amount as it finds necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.  "In determining whether an appeal bond is appropriate, district courts must consider the following factors:  (1) the financial ability of the appellants to post the bond; (2) the risk of the appellants' non-payment if the appeal is unsuccessful; (3) the merits of the appeal; and (4) whether the appellants have shown any bad faith or vexatious conduct." *In re Bayer Corp. Combination Asprin Prods. Mktg. & Sales Practices Litig.*, No. 09-md-2023, 2013 WL 4735641 at *1 (E.D.N.Y. Sept. 3, 2013) (citation and internal quotations omitted).

First, Defendants have failed to demonstrate an inability to post a bond, and therefore they have conceded this issue.  *See In re Bayer Corp. Combination Asprin Prods. Mktg. & Sales Practices Litig.*, 2013 WL 4735641 at *1; *Curtis & Assoc., P.C. v. Law Offices of David M. Bushman, Esq.*, No. 09-cv-890 (KAM) (RER), 2011 WL 917519 at *2 (E.D.N.Y. Mar. 9, 2011); *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-MD-1775 (JS) (VVP), 2010 WL 1049269 at *2 (E.D.N.Y. Mar. 22, 2010).

Second, Abelove states that defendants have paid no part of the judgement and has reason to believe that Defendants have no assets with which to pay the judgment.  DE 76-1 at ¶ 4. Third, the appeal is likely not meritorious, given that this Court determined that plaintiff met his

10

burden of proof, and defendants "failed to establish, on this record, a good faith defense." *See* Order dated September 28, 2018 (providing findings of fact and conclusions of law). Finally, the Court does not find that Defendants have shown bad faith or engaged in vexatious conduct, and Plaintiff does not suggest so in his application.

In weighing these factors, the Court concludes that a bond is appropriate.

## II. Amount of the Bond

Abelove seeks a bond of $8,500—to cover $500 in miscellaneous costs and 20 billable hours required to defend the appeal. DE 76-1 at ¶¶ 11–12.

Defendants have not opposed the motion, which is, therefore, granted as unopposed and on the merits. *See Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) ("[W]here, as here, a [] statute includes attorneys' fees 'as part of the costs' which may be taxed upon appeal, the district court may factor these fees into its imposition of the bond for costs."); *see also* N.Y. Labor Law § 198(1)(a) (McKinney 2018) ("In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees").

Thus, Defendants are ordered to post a bond to cover the costs of defending the appeal, totaling of $500 in miscellaneous costs and $7,000 in anticipated attorneys' fees.[6]

---

[6] In reaching this determination, the Court shall use the $350 per hour reasonable rate as determined *supra*.

## CONCLUSION

It is hereby ORDERED that Defendants shall pay to Plaintiff $92,126.25 in attorneys' fees and $1,747.42 in costs, and it is further ORDERED that Defendants shall post a bond in the amount of $7,500.

SO ORDERED.

Dated: Central Islip, New York
      January 3, 2019

                                           /s/ Gary R. Brown
                                           GARY R. BROWN
                                           United States Magistrate Judge