UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEPHEN VANACORE,

                              Plaintiff,                          **ORDER**
          -against-                                          CV 14-6103 (GRB)(AYS)

EXPEDITE VIDEO CONFERENCING
SERVICES, INC., and LARRY ROHER,

                              Defendants.
------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       This is an action commenced by Stephen Vanacore ("Plaintiff" or "Vanacore") to recover unpaid salary, commissions, and expenses against Expedite Video Conferencing Services, Inc. and Larry Roher ("Defendants"). The case was a tried before then-Magistrate Judge, and now assigned District Judge Gary R. Brown. The bench trial before Judge Brown resulted in a money judgment against Defendants. Now, after the verdict has been affirmed on appeal, Plaintiff is pursuing post-judgment collection remedies. The present motion addresses one such effort.

       Specifically, presently before the Court is Plaintiff's letter motion pursuant to Rule 37 of the Federal Rules of Civil Procedure for discovery sanctions and to compel a nonparty law firm, Schupbach, Williams & Pavone LLP ("SWP") to appear and/or produce documents pursuant to a subpoena (the "Motion"). Docket Entry herein ("DE") 85. For the reasons set forth below, the Court denies Plaintiff's motion without prejudice to renew. The Court also directs Plaintiff to review those documents produced by SWP that are in Plaintiff's possession before renewing motion practice.

## BACKGROUND

       The relevant facts are drawn from Plaintiff's March 3, 2020 Motion and nonparty SWP's March 10, 2020 Letter Opposition, as well as the record in this matter. DE 85; 86.

As stated above, this action was commenced by Plaintiff to recover unpaid salary, commissions, and expenses against Defendants. The case was tried before Judge Brown in August 2018. On October 1, 2018 the clerk entered a judgment of $196,906.32 against Defendants. As further noted above, the present motion raises a dispute regarding SWP's response to Plaintiff's subpoena dated October 9, 2018 (the "Subpoena").

Plaintiff issued the Subpoena pursuant to Federal Rule of Civil Procedure 69 and NY CPLR §§ 5222 & 5224. It was served on SWP on October 10, 2018. DE 85. The Subpoena demanded that SWP appear for deposition on November 9, 2018. DE 85-1. It also commanded SWP to produce certain books, papers, and records for examination on or before October 31, 2018:

> [A]ll non-privileged paper and electronic records, including all versions and drafts, concerning or relating to the Judgment Debtors [Defendants], payments made to you by or on behalf of the Judgment Debtors (including copies of checks provided or wire transfer information), payments made to third-parties by the Judgment Debtors or by you (on behalf of the Judgment Debtors), statements or invoices rendered to the Judgment Debtors or anyone on their behalf, moneys held in escrow or in trust for their benefit, including but not limited to any retainer, client account ledgers reflecting payments, and/or the application of moneys paid to you for legal fees, and all other books, papers and records in your possession or control which have or may contain information concerning the judgment debtor's property income, assets or other means relevant to the satisfaction of the judgment;

DE 85-1.

The Subpoena included a "Restraining Notice" under CPLR § 5222(b).

SWP objected to the Subpoena on October 30, 2018 (the "Objections"). In particular, it objected on the grounds that the Subpoena (1) was defective as to form under Rule 45 and (2) the documents and information sought constituted confidential and privileged communications between attorney and client, and (3) it was overly broad, unduly burdensome and oppressive, and

2

sought information irrelevant to the enforcement of the judgment referred to therein. DE 85-2. In response, Plaintiff sent SWP a letter dated November 8, 2018, stating that the Subpoena was proper under the New York CPLR, and the Federal Rules of Civil Procedure. DE 85-3.

SWP responded by letter on November 16, 2018. DE 85-4. In that letter, SWP addressed Plaintiff's procedural argument, noting that while Fed. R. Civ. P. 69 does provide that the procedure for execution must be in accord with that of the State in which the Court is located, that Rule also provides that the Federal Rules control to the extent that they apply as to the form and content of the Subpoena issued out of Federal Court. Id. SWP reiterated its argument on the merits, stating that the Subpoena was overbroad, burdensome, and oppressive. Id. Finally, SWP proposed a plan to resolve the matter without court intervention, which included providing a statement under oath affirming that the Defendants' assets were not presently in SWP's possession, and that it would produce specific documents in response to the Subpoena. Id. Plaintiff responded on December 3, 2018. DE 85-5. Plaintiff reiterated its argument that the Subpoena was properly issued pursuant to NY CPLR § 5224 and that the requested documents were relevant to the execution of the judgment. DE 85-5. Plaintiff also stated that it would accept the production SWP offered in its November 16 letter. Id. SWP responded on December 11, 2018, restating that it would make the production summarized in the November 18 letter, restating objections, and asking what information Plaintiff would need by oral testimony that would not be available through written questions. DE 85-6.

SWP made a production to Plaintiff on December 17, 2018. DE 85-7. SWP's cover letter for its production listed the following enclosures:

1. Sworn statement as to assets of the defendants in possession of this firm;
2. Copies of our firm's invoices to the clients from September 1, 2015 to the present (with time entries redacted);

3

>    3. Copies of checks in payment of the aforesaid invoices;
>    4. Copy of our firm's Retainer Agreement with respect to this action; and
>    5. Copy of our firms escrow ledger concerning any retainers paid to this firm by the defendants, and their check constituting retainer payments.

Id.

More than one year later, on February 19, 2020, Plaintiff contacted SWP by letter. DE 85-8. In that letter, Plaintiff stated that SWP had a continuing obligation to respond to the Subpoena. Id. Plaintiff also restated its request for certain documents to be produced by March 2, 2020. Id. This motion followed.

## APPLICABLE LAW

Federal Rule of Civil Procedure 69(a) pertains to execution to satisfy a money judgment, and proceedings supplemental thereto, as well as discovery in post-judgment proceedings. See Chevron Corp. v. Donziger, No. 11 CIV. 0691 (LAK), 2020 WL 635556, at *4–5 (S.D.N.Y. Feb. 11, 2020). There are two parts to Rule 69(a). Rule 69(a)(1) is focused on money judgments and procedures for executing on them. It provides that "[a] money judgment is enforced by a writ of execution unless the court directs otherwise" and that the procedure on execution and proceedings supplementary to execution "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Rule 69(a)(2) focuses on discovery. It provides that "[i]n aid of the judgment of execution, the judgment creditor . . . may obtain discovery from any person -- including the judgment debtor -- as provided in these rules or by the procedure of the state where the court is located." As such, both federal and state procedures are available with respect to obtaining discovery under Rule 69(a)(2). Chevron at *4.

Here, New York is the "state where the court is located" under Rule 69(a)(2). New York law provides for several discovery tools that may be used in execution of a money judgment,

including "a subpoena requiring attendance for the taking of a deposition upon oral or written questions," (CPLR § 5224(a)(1)), a subpoena duces tecum, which requires "the production of books and papers for examination at a time and place named therein," (CPLR § 5224(a)(2)), and an "information subpoena, accompanied by a copy and original of written questions," (CPLR § 5224(a)(3)). New York procedure also allows a party to issue a restraining notice upon the judgment debtor or a third party. CPLR§ 5222(b); see AXGINC Corp. v. Plaza Automall, Ltd., No. 14-CV-4648(ARR)(VMS), 2018 WL 4771886, at *3 (E.D.N.Y. Oct. 2, 2018) (summarizing discovery tools that may be used in service of the execution of a money judgment under the NY CPLR). An information subpoena served on an individual or entity other than the judgment debtor must also include a certification that the issuing party believes that the recipient possesses information that will assist in collecting the judgment. The wording of this certification is provided in NY CPLR § 5224(a)(3)(i).

## DISPOSITION OF THE MOTION

As a threshold matter, Plaintiff is correct that Fed. R. Civ. P. 69(a)(2) permits Plaintiff to issue a subpoena under the NY CPLR to obtain discovery in aid of its Federal Court judgment. SWP argues that the New York procedure cannot apply because "FRCP 69, which specifically governs proceedings in aid of execution of a judgment states that while such proceedings must be in accord with the procedure of the State where the Court is located, the federal statute governs to the extent it applies." DE 86 at 2. But SWP appears to be referencing Fed. R. Civ. P. 69(a)(1), which provides the procedure for enforcing a money judgment by writ of execution, not for obtaining discovery. Plaintiff is invoking Rule 69(a)(2), which enables him to issue a subpoena pursuant to the New York CPLR.

However, the Court does not reach the substance of Plaintiff's motion because Plaintiff's counsel failed to certify compliance with the conferral requirement described in Fed. R. Civ. P. 37(a)(1) ("a party may move for an order compelling disclosure or discovery. *The motion must include a certification that the movant has in good faith conferred or attempted to confer* with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.") (emphasis added). Judge Brown's Individual Practice Rule II.d.(1) restates the requirement to confer. Plaintiff's recitation of the facts makes clear that Plaintiff's counsel did not make an effort to confer with SWP before filing its motion. Instead, Plaintiff's counsel sent SWP a single letter more than one year after Defendant's document production. Plaintiff then filed this motion. There is nothing in the record to indicate that Plaintiff's counsel otherwise attempted to contact SWP to confer after the 14-month hiatus.

Because Plaintiff did not comply with the requirement to confer, Plaintiff's motion for enforcement is denied. However, the motion is denied without prejudice to renew after complying with proper practice and procedure. Counsel is also reminded that any renewed motion must show compliance with proper procedure before pursuing any relief, including a request for sanctions.

The Court also notes that the parties raised the issue of whether Fed. R. Civ. P. 37 or Fed. R. Civ. P. 45 should govern Plaintiff's motion to compel and motion for sanctions. This presents a question of law upon which the Court requires further briefing. Accordingly, if Plaintiff chooses to renew his motion, after showing compliance with Rule 37(a)(1) as set forth above, the Court directs additional briefing on the legal issue of whether Plaintiff may move under Rule 37. That briefing must include full memoranda of law on each parties' positions. Counsel must confer as to a briefing schedule, submit that schedule to the Court for approval, file the motion

when fully briefed, and provide this Court with courtesy copies of the fully briefed motion. The briefing must also include citation to law supporting Plaintiff's argument regarding any "continuing duty" to comply with a previously-served Subpoena and the parameters of any such legal duty. Counsel are encouraged to pursue the most efficient route possible, with an eye toward conserving legal and judicial resources.

Finally, the record is clear that SWP has already produced documents responsive to the Subpoena. Plaintiff is directed to review those documents and determine whether a renewed motion is necessary. Plaintiff is also reminded that while "[b]road post-judgment discovery in aid of execution 'is the norm in federal and New York state courts.'" Amtrust North America, Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC, No. 15-CV-7505(CM), 2016 WL 6208288, at *2 (S.D.N.Y. Oct. 18, 2016) (quoting EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012)), a plaintiff may not "embark on a fishing expedition," and "should tailor its requests appropriately, in order to foster compliance and to achieve its ultimate goal, to wit, having its judgment satisfied." D'Avenza S.p.A. In Bankruptcy v. Garrick & Co., No. 96 Civ. 0166(DLC)(KNF), 1998 WL 13844, at *3 (S.D.N.Y. Jan. 15, 1998).

## CONCLUSION

For the foregoing reasons, this Court denies Plaintiff's motion without prejudice to renew in accord with the directions set forth above. The Court also directs Plaintiff to review those documents already in its possession to confirm that renewed motion practice is necessary.

**SO ORDERED.**

Dated: Central Islip, New York
April 2, 2020

                                                                /s/ Anne Y. Shields
                                                                 Anne Y. Shields

United States Magistrate Judge