# BORG LAW LLP

JONATHAN M. BORG
Attorney at Law

370 Lexington Avenue, Suite 800
New York, NY 10017
T: (917) 495-4790
E: jmb@borg.nyc

March 2, 2021

**VIA ECF FILING**

United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722
Attn.   Hon. Anne Y. Shields, U.S. Magistrate Judge

Re:   **Vanacore v. Expedite Video Conferencing Services, Inc. and Larry Roher**
U.S. District Court, Eastern District of New York, Case No. 14 CV 6103(GRB)(AYS)

Dear Judge Shields:

This firm is co-counsel with Jason Abelove, Esq. for plaintiff Stephen Vanacore ("***Vanacore***") in connection with the above-referenced action, which was tried before Judge Brown in August 2018. Mr. Abelove spoke with Dina Mucciaccio today and was given permission to file this letter application.

By way of background, this action is post-judgment, with the judgment in the amount of $196,906.32 having been entered on October 1, 2018 (the "***Judgment***") against Expedite Video Conferencing Service, Inc. ("***Expedite***") and Larry Roher ("***Roher***", and together with Expedite, collectively, the "***Judgment Debtors***").[1]  (*See* ECF Doc. No. 72.)  By Summary Order dated February 4, 2020 (the "***Second Circuit Order***"), the United States Court of Appeals for the Second Circuit (the "***Second Circuit***") affirmed both the Judgment and the January 2019 Order, and awarded to Vanacore his costs. (*See* ECF Doc. Nos. 83 and 84.)  There is currently pending before Judge Brown a motion to alter/amend the Judgment to: (a) include the attorneys' fees of $93,873.67 previously awarded by this Court on January 3, 2019 (ECF Doc. No. 78); (b) include statutory attorneys' fees incurred in connection with the appeal ($13,437.30) and enforcement of the Judgment; and, (c) provide that, in the event that the Judgment (as amended) is unpaid within ninety (90) days thereof, the amount of the Judgment shall automatically increase by fifteen (15%) percent pursuant to N.Y. Lab. L. § 198(4).  (*See generally* ECF Doc. Nos. 99-99-8.)

This letter is written as a letter motion pursuant to Rule II.C. of Judge Brown's Individual Practice, Rules I.B. of Your Honor's Individual Rules, and Local Rules 5.2(b), 7.1(d), and 37.3(c), and seeks relief pursuant to Rule 37(a) as a result of Roher's non-compliance with Vanacore's post-judgment Combined First Set of Interrogatories, Notice for Production, and Notice of Deposition pursuant to Fed. R. Civ. P. 30, 33, 34, and 69 (the "***Combined Demands***"), which were served on November 5, 2020.  Pursuant to the Combined Demands, Roher was required to answer the Interrogatories

---

[1]   This Court subsequently entered an Order dated January 3, 2019 (the "***January 2019 Order***") directing the Judgment Debtors to (a) pay Vanacore's attorneys' fees in the amount of $92,126.25 and costs in the amount of $1,747.42 (the "***Fee Award***"), and (b) post an appeal bond in the amount of $7,500 (the "***Bond***").  By Electronic Order dated March 5, 2019, the Court denied Vanacore's Motion to Alter Judgment on the basis that it was divested of jurisdiction in light the Judgment Debtors' then-appeal to the Second Circuit (as defined herein).

vanacore - enforcement - 21.03.02 rule 37 ltr.6

and produce the documents demanded therein by December 5, 2020, and was required to appear for examination on December 16, 2020. (A copy of the Combined Demands is annexed hereto as Exhibit "1".) On December 1, 2020, the undersigned extended until December 21, 2020 the time for Roher's counsel, Dara Hartman, Esq., to make "document production" and send "responses to the interrogatories", and specifically requested that she send proposed dates for his deposition.

On December 21, 2020, Ms. Hartman sent to the undersigned Roher's Responses and Objections to the Combined Demands (the "**Responses**") in which Roher purported to object to the production requirements contained in the Combined Demands on the basis of certain "boilerplate" general objections and on the basis they were "unreasonably cumulative or duplicative because the requested documents have already been produced, used or relied upon in this action" and, as to some of the responses, then referred the undersigned to documents produced subject to that objection and the general objections, referring the undersigned to the at such time. Although Roher responded substantively to certain of the Interrogatories, he objected to, and did not respond to, the vast majority thereof on the basis that (a) the Combined Demands was defective as to form under Rule 45, and (b) the documents and information sought pursuant to the Combined Demands constituted confidential and privileged communications between attorney and client, are unduly overbroad, burdensome and oppressive, and seek information which is irrelevant to the enforcement of the Judgment. (A copy of the Response is annexed hereto as Exhibit "2".) The only actual documents produced by Roher were a Complaint and exhibits in an action filed against him by Victor Roher, his brother. No proposed deposition dates were sent.

Immediately upon receipt of the Responses, the undersigned sent an initial notification to Ms. Hartman of their deficiencies for the failure to include a verification (which was subsequently provided) and the impropriety of objections where, *inter alia*, Roher failed to produce any post-judgment documentation whatsoever. On January 28, 2021, the undersigned requested by email that Ms. Hartman provide a "meet and confer" date, as a prerequisite to the filing of this letter application, as their "refusal to provide actual information in response to the interrogatories [was] inappropriate, and [their] refusal to produce any documentation whatsoever [was] wholly improper." No response was received and, by email dated February 8, 2021, the undersigned renewed his request for Ms. Hartman to hold a "meet and confer" call; following further emails, it was scheduled for February 11, 2021. On February 11, 2021, a conference call (the "Meet & Confer") was held between Ms. Hartman, Mr. Abelove, and the undersigned, at which time Ms. Hartman refused to commit to produce any further documentation or responses to the Interrogatories, stating in part that she would not produce documents relating to assets which are exempt. The undersigned addressed Ms. Hartman's objections and indicated the impropriety thereof given, *inter alia*, the broad scope of financial inquiry permitted in post-judgment discovery, advised Ms. Hartman that, even if the underlying assets were exempt, Vanacore was not entitled to explore and discover the circumstances by which assets were transferred.

During the Meet & Confer, Ms. Hartman also took the position that because Roher's accountant had produced (some of) Roher's tax returns through 2016 (the 2017 returns were illegibly scanned), Roher was not required to produce those, or any other, documents; the undersigned disputed this position as wholly improper. Ms. Hartman also specifically stated that no additional work would be performed in this matter, including attending to producing additional documents, because her firm was not being paid by Roher due to the restraining notice issued by the undersigned (which we refused to release because doing so would permit Roher to pay his own

attorneys to fight making production, which was needed to continue enforcement). After the Meet & Confer concluded, the undersigned sent correspondence to Ms. Hartman in an attempt to clarify whether Roher would be making production, in response to which Ms. Hartman advised that she would notify me during the week of February 18, 2021 whether Roher would be doing so; in response to a follow-up inquiry as to whether that uncertainty was because she had substantive objections or because of the restraining notice, she replied it was both and that she "stood by [Roher's] objections". No response was received from Ms. Hartman, however, during the week of February 18, 2021 or thereafter.

Here, to the extent that Ms. Hartman is refusing to produce documents because it is not being paid, it is submitted that such a refusal is wholly improper – if Ms. Hartman is not being paid, its remedy is to move to withdraw. As to the objections raised by Roher to the Combined Demands, it is submitted that same are also completely improper, as well as untimely (the extension given to Roher was only to make production, not to object). It is well-settled that discovery need only be calculated to lead to the discovery of relevant evidence, not that the production itself be admissible. Here, public records and previously subpoenaed documents indicate Roher sold his home in Manhasset, New York in 2014 for $2.4 million and sold both Expedite and another company he owned (Interactive Ideas, LLC d/b/a myVRM) for hundreds of thousands of dollars, but the undersigned's independent efforts to trace the transfer of the sums received therefrom (believed to have been transferred out of Roher's name into certain trusts, as evidenced by, *inter alia*, the lack of any accounts in his name and the payment of his legal fees to his prior counsel through a trust (after having previously used personal checks drawn on an account owned by Roher and his wife)[2], have been unsuccessful. The current efforts, through the issuance of the Combined Demands, to determine directly from Roher the location of his assets and the proceeds from that sale, are now being stymied by Roher's (and his counsel's) refusal to comply with their obligations to produce documentation.

The information sought herein through the Combined Demands pertains to, *inter alia*, Roher's financial information, including accounts maintained prior to, at the time of, and/or following the commencement of this action, relates to the flow of moneys to Roher from the sale of his home and his companies, the flow of moneys from his accounts to third-parties, including to his wife and/or any trusts he created, funded, and/or currently maintains (and of which is a trustee and/or beneficiary), all of which are highly relevant to determining assets against which Vanacore may execute, including any assets fraudulently transferred by him.

Respectfully submitted,

Jonathan M. Borg

Enclosures

---

[2] In response to the inquiry in the Interrogatories regarding the "Roher Trust" (which is the name that appears on the checks produced by Roher's prior counsel), Roher responded in the Interrogatories that "The Roher Trust was formed on October 17, 2012; the trustees were Sandra Roher and Stanley Roher, both deceased; the beneficiaries are currently being disputed in litigation." Either Roher improperly used checks for payment of his (and Expedite's) legal fees drawn on that trust, or Roher disguised the name of the true account-holder "Brenda and Larry Roher Trust" on those checks to prevent Vanacore from learning of its true name and requesting information regarding same.

cc: Jason L. Abelove, Esq. (via ECF & email)
     Dara Hartman, Esq. (via ECF & email)
     Andrew Crabtree, Esq. (via ECF & email)